**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 16 C 2193 |
| | Judge James B. Zagel |
| WENDELL JOHNSON | |

## MEMORANDUM OPINION AND ORDER

Petitioner Wendell Johnson brings a Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2255. Johnson argues that he was improperly sentenced as an armed career criminal as a result of predicate convictions under *Johnson v. United States*, 135 S.Ct. 2551 (2015). For the following reasons, I am denying the Petition and also denying any request for a certificate of appealability.

### BACKGROUND

In a one-count indictment, Johnson was charged with bank robbery in violation of 18 U.S.C. § 2113 in August 2010. After Johnson pled guilty pursuant to a written plea agreement, the Presentence Investigation Report found Johnson to be a Career Offender pursuant to Guideline §4B1.1(a) based on four residential burglaries. Johnson's advisory guideline was calculated to be 151 to 188 months, and he was sentenced to 155 months' imprisonment. Johnson did not appeal.

### LEGAL STANDARD

A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack." Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## DISCUSSION

Johnson seeks relief based on the Supreme Court's decision in *Johnson*, where the Court announced a new rule that the residual clause in the definition of a "violent felony" of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557.

The ACCA defines a "violent felony" in relevant part, as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language above is known as the "residual clause" of the ACCA. *See Johnson*, 135 S.Ct. at 2555-56.

In *Johnson*, the Supreme Court held that the ACCA's residual clause violated the Due Process Clause because it was too vague; however, the Court expressly stated that its ruling in no way invalidated or called into question any of the remaining portions of the ACCA. *Id.* at 2563.

Even if *Johnson* were retroactively applicable on collateral review, which it is not, Johnson would not be entitled to relief because his prior convictions qualified as crimes of

violence without reference to the Guidelines' residual clause. In other words, none of Johnson's four qualifying convictions for residential burglary fell within the § 4B1.1's residual clause definition.

The Seventh Circuit has held that burglary of a dwelling under Illinois law qualifies as an ACCA predicate. *United States v. Dawkins*, 809 F.3d 953 (7th Cir. 2016). In *Dawkins*, the Seventh Circuit upheld a district court's denial of a § 2255 motion that relied upon *Johnson* to challenge the use of a defendant's burglary conviction as a predicate conviction for purposes of the Career Offender provision of the Guidelines. 809 F.3d at 954. The *Dawkins* court held that it did not need to resort to the residual clause to determine whether the burglary conviction was a crime of violence under the Career Offender Guidelines, because residential burglary is an enumerated offense identified as a crime of violence. *Id.*

Johnson's prior residential burglary conviction qualifies as a predicate "crime of violence" without resort to the residual clause invalidated in *Johnson*. I am, therefore, denying the Petition in its entirety.

## CONCLUSION

Because there is no indication that any of Johnson's prior convictions invoked the residual clause of the ACCA and must be reconsidered under *Johnson*, I am denying the Petition. Because reasonable jurists could not debate whether the Petition should have been resolved in a different manner, I am declining to issue a certificate of appealability.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: June 16, 2016